UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SMALL SMILES HOLDING CO., LLC, | ) ) | CASE NO. 3:10-cv-00743 |
| Defendant/Third-Party Plaintiff, | ) ) | Judge Sharp Magistrate Judge Griffin |
| v. | ) ) ) | |
| AFFINITY INSURANCE SERVICES, INC., | ) ) | |
| Third-Party Defendant. | ) | |

# JOINT MOTION

Defendant Small Smiles Holding Co., LLC (n/k/a SSHC DIP, LLC) ("SSHC"), Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), and Third-Party Defendant Affinity Insurance Services, Inc. ("Affinity"), jointly move the Court to administratively close the pending action, *National Union Fire Insurance Company of Pittsburgh, Pa. v. Small Smiles Holding Co., LLC v. Affinity Insurance Services, Inc*. This action is one to rescind (or in the alternative, reform) National Union dental professional liability insurance policies issued to SSHC.

Previously, this action was administratively closed at the request of the parties on October 4, 2011 (Docket No. 197) and reopened by the Court on June 12, 2013 (Docket No. 214) upon granting SSHC's unopposed motion for that relief. Since the case has been reopened, National Union and the Liquidating Trustee, on behalf of the Liquidating Trust that now owns SSHC, went to mediation in late 2014 that resulted in a settlement in principle which has since

been memorialized in the Settlement and Release Agreement dated April 29, 2015 ("Settlement") that is subject to, among other things, approval by the United States Bankruptcy Court for the Middle District of Tennessee, Nashville Division (the "Bankruptcy Court").

The Settlement, if fully effectuated, globally resolves this rescission/reformation case and all claims pertaining to the National Union dental professional liability insurance policies issued to SSHC, which are potentially responsive to the underlying dental liability lawsuits (the "underlying cases") commenced against SSHC and others. Consequently, the parties now seek to stay this action pending resolution of the matter as a whole, and they respectfully request that the Court administratively close the case during the pendency of the global settlement approval and the anticipated implementation of the same, which is expected to take course over a period of several months. In support of their motion, they state as follows:

## BACKGROUND

Defendant SSHC, through a wholly-owned subsidiary, owned a dental practice management business (collectively, "Small Smiles") and managed dozens of affiliated dental practices across the country that focused primarily on providing pediatric dental care to Medicaid beneficiaries. Beginning in 2008, Small Smiles purchased its dental professional liability insurance through Dentist's Advantage, a division of Third-Party Defendant Affinity, which, in turn, had contracted with National Union to issue the dental professional liability insurance policies for the Dentist's Advantage program.

In late 2007 or early 2008, Small Smiles became the subject of both federal and state governmental investigations concerning possible Medicaid fraud. On January 15, 2010, Small Smiles entered into a settlement agreement (the "Medicaid Settlement Agreement") that ended the government investigations and pursuant to which it paid a substantial sum to the federal government and several states. From shortly after the Medicaid Settlement Agreement was made

2

public to the present, Small Smiles, along with a number of dentists formerly or currently employed by the various affiliated dental practices, have become the target of many underlying claims by minor plaintiffs that piggyback off of the issues raised in the underlying government investigations.

In light of the underlying cases and the possibility of substantial exposure,[1] Plaintiff National Union filed this lawsuit on August 5, 2010, seeking to rescind National Union claims-made dental professional liability insurance policies issued to SSHC in 2008 and in 2009. National Union, in general, claims that SSHC breached its duty to disclose to National Union all information known to it that was material to the risks sought to be insured under the National Union policies. National Union maintains that it would not have issued the policies to SSHC had it disclosed all material facts known to it at or before the time these policies were issued or renewed. In the alternative, National Union seeks to reform the dental policies in accordance with the parties' intent at the time of issuance.

Conversely, SSHC contends that it had no duty of disclosure to National Union under the circumstances and that, in any event, immediately upon learning of the underlying government investigations, it notified Dentist's Advantage, a division of Affinity, about the investigations and sent Dentist's Advantage copies of the government subpoenas. SSHC contends that Dentist's Advantage was acting as the agent for National Union. Furthermore, SSHC disputes National Union's contentions concerning reformation. Obviously, National Union disagrees with SSHC's contentions.

On December 16, 2010, SSHC filed a third-party complaint against Dentist's Advantage/Affinity alleging that if National Union prevails and is excused from liability on the professional dental liability policies it issued, then Dentist's Advantage/Affinity is liable to

---

[1] The affiliated dental centers managed by Small Smiles' dental practice management company treated over one million children during the relevant time period.

SSHC because it undertook to provide Small Smiles with appropriate insurance. Affinity denies this claim.

In February 2012, subsequent to the administrative closure of this action, SSHC and certain related subsidiaries filed voluntary petitions under Chapter 11 of Title 11 of the United States Code in the Bankruptcy Court that were jointly administered under the proceeding entitled *In re: CS DIP, LLC (f/k/a Church Street Health Management, LLC), et al.*, Case No. 12-01573. During the course of SSHC's bankruptcy, SSHC sold off virtually all of its operations, assets, books and records and other property by late May of 2012. Accordingly, SSHC's remaining assets largely consist of SSHC's insurance policies, including the National Union policies that the subject of this action.

Following the Bankruptcy Court's confirmation of the Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), SSHC emerged from bankruptcy in April 2013 as a shell company, with no employees and limited assets, and is wholly owned by a Liquidating Trust and operated by a Liquidating Trustee under the supervision of the Trust Advisory Committee, which includes members of the plaintiffs' attorneys' firms for the underlying cases. As set forth in the Plan, the purpose of the Liquidating Trust is two-fold: (1) to liquidate and distribute assets; and (2) to litigate any insurance rights and defend against any claim by any insurance carrier to rescind or otherwise limit any insurance policies or insurance rights, including but not limited to the instant action.

## PRESENT STATUS OF THE CASE

This case, which was first commenced in August 2010, administratively closed in October 2011, and reopened in June 2013, has entailed a long and contentious discovery process. In recognition of the expense incurred by National Union and SSHC, respectively, over the course of this action, those parties agreed in August 2014 to mediate the dispute between them,

4

which occurred in November and December 2014. To that end, National Union and SSHC reached an agreement amongst themselves to slow down or otherwise temporarily suspend discovery in this action while they went to mediation.

A tentative settlement in principle was reached between National Union and the Liquidating Trustee, on behalf of the Liquidating Trust and SSHC, at the conclusion of the mediation in December 2014, which upon further negotiation resulted in the Settlement that was executed by those parties in April 2015 (annexed hereto as <u>Exhibit "A"</u>). Currently, the Motion of the Liquidating Trustee for an Order (A) Approving Settlement with the Insurers, (B) Granting an Injunction in Favor of the Insurers; and (C) Approving Trust Distribution Procedures is pending before the Bankruptcy Court (the "Motion"), with further briefing due on June 26, 2015 from SSHC and other parties following a hearing on June 2, 2015. If the Motion is granted, National Union and the Liquidating Trustee further expect a period of a several months during which potential claimants against Small Smiles, including those parties who did not receive direct notice of the Motion, will be notified of their rights and obligations under the Settlement, including but not limited to their right to object to the same. Accordingly, as the process of effectuating the Settlement may take several months, the parties to this action respectfully request that the Court enter an order administratively closing this case, without prejudice, pending the approval and anticipated implementation of the Settlement.

In closing the case, the parties herein further respectfully request that the Court enter an order that provides as follows: (1) *National Union Fire Insurance Company of Pittsburgh, Pa. v. Small Smiles Holding Co., LLC v. Affinity Insurance Services, Inc.*, Case No. 3:10-cv-00743, should be administratively closed, without prejudice; (2) in the event a party believes the case should move forward, that party shall have an absolute right to petition the Court to reopen the case after 30 days' written notice to all parties; and (3) the parties shall maintain and preserve all

5

documents and electronically stored information ("ESI") that they have collected for this action and all documents and ESI that may be relevant to this matter, including, but not limited to, the parties' respective claims and defenses, until the final resolution of this case. The parties have attached a proposed order for the Court's consideration as Exhibit "B".

## CONCLUSION

For the reasons stated herein, the parties respectfully request that their joint motion to administratively close this case be granted.

Respectfully submitted,

/s/ Jason W. Callen
Jason W. Callen
BUTLER SNOW LLP
The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1600
Nashville, Tennessee 37201
(615) 651-6700
jason.callen@butlersnow.com


Craig Litherland
Adrian C. Azer
GILBERT LLP
1100 New York Avenue, Suite 700
Washington, DC 20005
litherlandc@gotofirm.com
azera@gotofirm.com

*Attorneys for Defendant*


/s/ Kathryn H. Walker by JWC w/ permission
W. Brantley Phillips, Jr.
Kathryn Hannen Walker
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
(615) 742-6200
bphillips@bassberry.com
kwalker@bassberry.com

6

Lawrence Klein
Gilbert Lee
SEDGWICK LLP
125 Broad Street
New York, New York 10004
(212) 422-0202
lawrence.klein@sedgwicklaw.com
gilbert.lee@sedgwicklaw.com

*Attorneys for Plaintiff*


<u>*/s/* Ryan T. Holt by JCW w/ permission</u>
Phillips F. Cramer
Ryan Thomas Holt
SHERRARD & ROE, PLC
150 Third Avenue South, Suite 1100
Nashville, Tennessee 37201
pcramer@sherrardroe.com
rholt@sherrardroe.com

George Gigounas
DLA PIPER LLP
555 Mission Street
Suite 2400
San Francisco, CA 94105
george.gigounas@dlapiper.com

Shand S. Stephens
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
shand.stephens@dlapiper.com

*Attorneys for Third-Party Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served by the Court's electronic filing system on all registered users, and by United States mail, first-class postage prepaid on all others, upon the following:

| | |
|---|---|
| W. Brantley Phillips, Jr.<br>Kathryn Hannen Walker<br>BASS, BERRY & SIMS PLC<br>Suite 2800<br>150 Third Avenue South<br>Nashville, Tennessee  37201 | Phillip F. Cramer<br>Ryan Thomas Holt<br>SHERRARD & ROE, PLC<br>Suite 1100<br>150 Third Avenue South<br>Nashville, Tennessee  37201 |
| Lawrence Klein<br>Gilbert Lee<br>SEDGWICK LLP<br>225 Liberty Street, 28th Floor<br>New York, New York 10281 | George Gigounas<br>DLA PIPER LLP (US)<br>Suite 2400<br>555 Mission Street<br>San Francisco, California  94105 |
| | Shand S. Stephens<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>New York, New York  10020 |

This 26th day of June, 2015.

                                                        */s/* Jason W. Callen

26633220v1